[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11543
Non-Argument Calendar
_____

D. C. Docket Nos.
07-00561-CV-T-24-TBM & 03-00162-CR-T-2

CHADDRICK LEVELL THOMAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 30, 2008)

Before ANDERSON, BLACK  and MARCUS, Circuit Judges.

PER CURIAM:

Chaddrick Thomas, a federal prisoner who was convicted in 2003 on two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and one count of conspiracy to possess, brandish, and discharge a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o), appeals the district court's denial of his 28 U.S.C. § 2255 motion. The district court granted a certificate of appealability as to whether Thomas's "sleeping counsel" claim constituted ineffective assistance of counsel.

On appeal, Thomas argues the district court erred by requiring Thomas to prove he was prejudiced by trial counsel's sleeping. Alternatively, Thomas argues he established prejudice because the jurors' observations of counsel adversely affected the verdict. Thomas further contends the district court erred by not conducting an evidentiary hearing. We address each issue in turn, and affirm the district court's denial of Thomas's § 2255 motion.

## I.

With regard to a district court's denial of a 28 U.S.C. § 2255 motion to vacate, we review legal conclusions *de novo* and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). An ineffective

assistance of counsel claim is a mixed question of law and fact, subject to *de novo* review. *Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008).

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 104 S. Ct. 2052, 2063 (1984) (citation omitted). The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 2064. To make such a showing, a prisoner must prove (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Id.* The reviewing court need not address both components of the inquiry, however, if the prisoner makes an insufficient showing on one. *Id.* at 2069.

Regarding the deficient-performance component, the Supreme Court has explained the  proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 2065. Counsel's performance deserves substantial deference and there is a strong presumption counsel's performance fell within the range of reasonable professional assistance. *Id.* Regarding the prejudice component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. A reasonable

3

probability is one sufficient to undermine confidence in the outcome. *Id.* We have recognized, "given these principles and presumptions, the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quotation omitted).

In a narrow range of circumstances, however, such as actual or constructive denial of counsel, state interference with counsel's assistance, or actual conflicts of interest, courts presume prejudice to the defendant. *See Strickland*, 104 S. Ct. at 2067. In such situations, prejudice is so likely the "case-by-case inquiry into prejudice is not worth the cost." *Id*. In a companion case to *Strickland*, the Supreme Court held certain circumstances are so likely to prejudice the accused that litigating their effect is not justified: (1) there is a "complete denial of counsel;" (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;" and (3) counsel is called on to render assistance under circumstances where competent counsel very likely could not. *United States v. Cronic*, 104 S. Ct. 2039, 2046-47 (1984).

As an initial matter, based on the testimony from court personnel, Thomas, and Thomas's counsel, the district court did not clearly err in finding counsel fell asleep once during the non-contested testimony of Sharon Delamain, a bank teller. Counsel responded inappropriately to an evidentiary question from the court

during Delamain's testimony, which supports an inference counsel was asleep prior to the question. The judge presiding over Thomas's trial, however, noted "at no time during the trial, which encompassed approximately 22 hours, did the Court witness [counsel] nodding off, sleeping, or otherwise inattentive." Further, the record supports the district court's finding counsel fully participated in the trial. Thus, Thomas's ineffective assistance of counsel claim is amenable to analysis under the *Strickland* framework.

Although sleeping, even for a short period of time, is inexcusable, Thomas has failed to establish prejudice. Delamain did not identify any of the defendants, she was not cross-examined by any of the defendants, and she did not testify to contested matters. None of the parties disputed the occurrence of the robbery; rather, the crux of the trial was the identities of those involved. Four co-conspirators testified against Thomas, specifically identifying him and linking him to the bank robberies. Counsel made objections and cross-examined all four witnesses. Due to the overwhelming evidence against Thomas from the co-conspirator testimony, and counsel's engagement in the trial during those periods, Thomas has failed to establish a reasonable probability the outcome of the trial would have changed had counsel been awake and alert during Delamain's testimony. *Strickland*, 104 S. Ct. at 2068.

## II.

Thomas also argues the district court erred by not conducting an evidentiary hearing and relying on facts this Court found inadequate to resolve the claim on direct appeal. Our concern on direct appeal was that the trial court not act as fact finder and witness. The assignment of the instant § 2255 motion to a different judge resolved our concern. Accordingly, the district court did not err in relying on the evidentiary hearing held before the trial court.

**AFFIRMED.**